LANDIS, *Guardian*, v. EPPSTEIN, *Administrator, Appellant.*

**Will, Construction of.** A will construed in connection with extrinsic evidence and held that the guardian of a minor, where certain bequests were made to the latter, and not the administrator of the estate, was entitled to their possession.

*Appeal from Cooper Circuit Court.*—HON. E. L. EDWARDS, Judge.

AFFIRMED.

*Cosgrove, Johnston & Pigott* for appellant.

The first and great rule in the exposition of wills is,

that the intention of the testator expressed in his will shall prevail, provided it be consistent with the rules of law. *Smith v. Bell*, 6 Pet. 68; *Pray v. Belt*, 1 Pet. 670; O'Hara on Wills, p. 29; *Turner v. Timberlake*, 53 Mo. 371; *Gaines v. Fender*, 57 Mo. 342; *Carr v. Dingo*, 58 Mo. 400; *Smith v. Hutchinson*, 61 Mo. 83; *Allison v. Chaney*, 63 Mo. 279. If two parts of a will are totally irreconcilable, the rule is to take the subsequent words as an indication of a subsequent intention. *Sims v. Doughty*, 5 Ves. 247; *Norris v. Beyea*, 13 N. Y. 284; *Bradstreet v. Clark*, 12 Wend. 665. The body of the will and the codicil are to be taken as constituting testator's will, and if the codicil is inconsistent with the will, the former will prevail. *Cobb v. Denton*, Supreme Court, Tenn.; The Reporter, vol. 8, p. 669; *Livingston v. Murray*, 68 N. Y. 490. It is truly said that the first grant and the last will are of the greatest force. 1 Williams on Executors, (6 Am. Ed.) bottom pp. 10, 12. It is clear from the provision of the codicil of said will that it was the intention of the testator that plaintiff's ward should not receive more than the interest on said bequest until his arrival at the age of twenty-one years. The condition precedent to Edward Zey's taking anything except interest under the will, is his attaining the age of twenty-one years, until then nothing vests in him, and the property very properly remains in the hands of the administrator. *Wells v. Wells*, 10 Mo. 193; *Overton v. Davy*, 20 Mo. 273; *Tyson v. Blake*, 22 N. Y. 558; *Norris v. Beyea*, 13 N. Y. 273. The legacy bequeathed to Edward Zey is not the specific bequest of a particular chattel, which the said Edward Zey would be entitled to have the use of prior to arriving at the age of twenty-one, but is a legacy of money which he is entitled to receive only upon the contingency of becoming twenty-one years of age, and it is the duty of the administrator, Eppstein, to preserve the principal so that in case of the death of the said Edward before arriving at the age of twenty-one, the same may be equally divided among the surviving lawful heirs of John Zey, deceased. *Field v.*

*Hitchcock*, 17 Pick. 128; *Wooten v. Birch*, 2 Md. Ch. Dec. 190; *Livingston v. Murray*, 68 N. Y. 485

*Rice & Walker* for respondent.

The guardian is entitled to the possession of the legacies. There is no conflict between the codicil and the seventh clause of the will. The only intention of the former is to create a remainder over, and the seventh clause specifically directing the delivery of the $800 note to the guardian, is not to yield to any doubtful language of the codicil. Redfield on Wills, (Ed. 1864) pp. 352, 434, 438, 464. Even if the direction in the seventh clause of the will for the delivery of the note to the guardian had been omitted, still he, as such guardian, would have been entitled to its possession. Jarman on Wills, (3 Am. Ed.) side pp. 738, 740, 743, 758, 761. When a life estate is bequeathed in a sum of money, with remainder over, the legatee is entitled only to the income, and the principal, subject to the life estate, belongs to the remainderman. *Tyson v. Blake*, 22 N. Y. 558; 64 N. Y. 278. The respondent is entitled to the $450, the share of Edward Zey in the lapsed legacy of $1,800. *Dunning v. Bank*, 61 Mo. 497.

EWING, C.—John Zey, Sr., died testate in Cooper county, Missouri, April 26th, 1877. In the ninth clause of his will he named his son, Michael Zey, as his executor, who refused to qualify; and the appellant, Veit Eppstein, was appointed by the Cooper county probate court, administrator of said estate, September 8th, 1877. He at once qualified and entered upon his duties as such administrator, and published notice of his appointment, as required by law. In the seventh clause of his will, John Zey, Sr., made the following bequest: "I give and bequeath unto Edward Zey, the only living child of Peter Zey, deceased, (the said Peter Zey, deceased, being my son,) the sum of $800, to be paid by my executor, as follows: My said executor is to deliver

to the said Edward Zey, only child of Peter Zey, if he be of age at the time of my decease, the note for the sum of $800 which I hold against Vincens Strickfarden, above described; if said child be not of age, then said note is to be delivered to the guardian of said child, duly appointed, which said delivery of said note by said executor shall be in full payment of this legacy, but my said executor shall collect all the interest which may be due on said note at the date of my decease before transferring the same to said child or his said guardian. It, also, being my express will, that no part of the principal of the bequest hereby made, shall be paid to said child during his minority, but that only the interest shall be used, and that the principal shall be paid to him, when he shall arrive at the age of twenty-one."

In the sixth clause of his will the said John Zey, Sr., gave $1,800 to his mute son, Jacob, who died in the lifetime of his said father; thereupon, the said John Zey, Sr., divided the $1,800 into four equal parts, giving at once $450 to each of his three children, and $450 to his son Michael, for his grandson, Edward Zey, and requested Michael, whom he had named in his will, as executor, to act as guardian of Edward, but said Michael refused to qualify either as executor or guardian  After the death of the mute, Jacob, the testator made the following codicil to his will: " Whereas, I, John Zey, of Cooper county, and State of Missouri, having made and duly executed my last will and testament, in writing, bearing date of May 6th, 1874. Now I do hereby declare this present writing to be a codicil to my said will and direct the same to be annexed thereto and taken as a part thereof. And now if the said Edward Zey, mentioned in the seventh part of the original will, die before he arrives at the age of twenty-one years, I desire that the bequest therein made, and also his (Edward Zey's) share of the bequest made to my deceased son, Jacob Zey, mentioned in the sixth part of the orignal will, be equally divided among my lawful surviving heirs.

May 12th, 1879, the respondent was duly appointed by the probate court of St. Clair county, Missouri, guardian of Edward Zey, and qualified as such. More than two years having passed since the publication of notice of his appointment as administrator of the estate of John Zey, Sr., deceased, by the appellant and no claims whatever having been exhibited or presented for allowance, against said estate, the respondent, on the 25th day of March, 1880, filed his petition in the Cooper county probate court, asking that the appellant as administrator be ordered to deliver the said notes to respondent in payment of said legacies, and if said notes had been collected, that said administrator be ordered to pay over the money. The probate court refused to make the order, when respondent appealed to the Cooper circuit court, where, on a trial had at the June term, 1881, the order as prayed for was made, and the respondent, as guardian, required to enter into an additional bond, from which appellant took an appeal to this court.

The plaintiff in the circuit court offered the following evidence: Michael Zey testified, that he was the son of John Zey, deceased, and the person named in the last will of John Zey, deceased, as executor; that Edward Zey is the nephew of witness and resides with his mother and stepfather, the plaintiff, in St. Clair county, Missouri; that prior to his death the said John Zey, divided the shares of his deceased son, Jacob, among his other heirs, and, gave to witness the share of Edward Zey, with instructions to hold the same for him until he became twenty-one years of age, only paying him the interest thereon during his minority; witness further testified that he refused to qualify as executor of said will, whereupon letters of administration with the will annexed were granted to the defendant, Eppstein. There are now living, four heirs of John Zey, deceased. It was his father's request that he should act as guardian of the minor, Edward Zey.

John Zey testified that he was the son of John Zey,

deceased, and uncle of Edward Zey, minor. He knew it was the wish of his father that the portion of Edward Zey should be retained by his executor until Edward became twenty-one years of age and that before that time only the interest should be paid him.

It was admitted that the notes mentioned in the will of John Zey, deceased, as going to the said Edward Zey, had been reduced to possession by the defendant, Eppstein, and that he has that amount of money in his hands, less the expenses of the administration for which the said Edward Zey is liable.

It is also admitted that the plaintiff, Joseph P. Landis, is the guardian of the person and estate of Edward Zey, minor.

Plaintiff also offered in evidence a certified copy of the last will of John Zey.

The only question in the case is, is the guardian of Edward Zey entitled to the possession of these notes, or the proceeds thereof; or, must the respondent, as administrator of John Zey, Sr., deceased, hold them as a trustee, until Edward Zey atttains the age of twenty-one? This involves the construction of the sixth and seventh clauses, and the codicil to the will of John Zey deceased.

It seems very clear that the purpose of the seventh clause of the will was to give the $800 note to Edward Zey, provided he had attained his majority at the time of the death of the testator. The language is: "I give and bequeath unto Edward Zey * * the sum of $800 to be paid as follows by my executor. My executor is to deliver to said Edward Zey * * if he be of age at the time of my decease." This seems to be the only condition precedent to its delivery. But he proceeds: "If said child be not of age, then said note is to be delivered to the guardian of said child." The will further providing that the note alone should be so disposed of, after his executor should collect all interest due on it up to the time of the decease of the testator. After the making of the will, the

evidence discloses the fact that the mute son, Jacob, died, and that his father the testator divided between his other children Jacob's part, which amounted to $450 to each; that he delivered to Michael the $450 given to Edward Zey, with the instructions to retain the same and give Edward the interest alone, until he, Edward, should attain his majority, when he should pay over the whole to the said Edward. It further appears after the decease of the testator, Michael Zey, the named executor, refused to qualify, whereupon the appellant, Eppstein, was appointed administrator with the will annexed, and collected, and has in his possession the shares intended for Edward Zey.

After the death of the mute son, Jacob, the testator made a codicil to his will to the effect as follows: "And now if the said Edward Zey, mentioned in the seventh part of the original will, die before he arrives at the age of twenty-one years, I desire that the bequest therein made, and also his (Edward Zey's) share of the bequest made to my deceased son, Jacob Zey, mentioned in the sixth part of the original will, be equally divided among my lawful surviving heirs."

This codicil seems in no wise to change the provisions of the original will, except that it provides where that part bequeathed to Edward should go, provided he (Edward) should die before reaching his majority. This he had a right to do. *Livingston v. Murray*, 68 N. Y. 485. But this does not affect the main question here, which is, shall the administrator retain the share of Edward until he becomes of age, or shall it be paid over to his guardian. This must be arrived at by ascertaining as certainly as may be, the intention of the testator. That intention as far as the $800 note is concerned is, I think, made clear by the seventh clause of the will above quoted, to-wit: "If said child be not of age, then said note is to be delivered to the guardian of said child when appointed."

The testator's intention as to the $450 may be arrived at by the testimony of Michael Zey, who said, when speak-

ing of the $450 and what the testator did, "he gave to witness the share of Edward Zey with instructions to hold the same for him until he became twenty-one years of age," etc. He further said, "It was my father's request that I should act as guardian of the minor, Edward Zey." Taking these statements in connection with the seventh clause, that if the child was not of age the $800 should be delivered to the guardian, it seems clear that the testator's intention was that the whole bequest to Edward Zey should go into the hands of his guardian until his majority. The testator nominated Michael Zey, his son, his executor, and requested him to act as Edward's guardian. He refused to act in either capacity.

The canons of construction laid down by the appellant's counsel are undoubtedly correct, but the language of the will and the surrounding facts will not bear out the interpretation suggested. Redfield on Wills (Ed. 1864) p. 352, § 13.

The judgment of the circuit court is affirmed. All concur.